DAVIDSON et al. v. FANKUCHEN et al.

(Supreme Court, Appellate Term.  May 5, 1904.)

1. BAILMENTS—BAILEE'S LIEN—DISCHARGE.
   Manufacturers to whom cut garments are delivered to be sewed are entitled to hold possession of them until their claim for labor is paid, or until an offer is made to pay the same.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Max Davidson and others against Samuel Fankuchen and others.  From a judgment for plaintiffs, defendants appeal.  Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Isaac Bernkopf, for appellants.
Joseph J. Harris, for respondents.

FREEDMAN, P. J.  The pleadings in this case were oral; the complaint being for damages for breach of contract, and the answer a general denial and a counterclaim for $161.12.

The material facts are as follows:  The plaintiffs delivered to the defendants 251 coats—cut, but not made—to be manufactured.  One hundred and seventy-two of these coats were made and returned to plaintiffs, who, finding the flaps of the pockets too small, were obliged to correct them at an expense of $77.40.  For the making of the coats the defendants were to receive $1.12 each, aggregating the sum of $281.12, less $100 paid by plaintiffs on account.  Seventy-nine of the coats remaining in the defendants' possession were held by them until they were paid for the work done upon them.  The plaintiffs demanded the delivery to them of these 79 coats, but it is not shown that such demand was accompanied with an offer to pay for the labor done in the making of them.

Plaintiffs sued to recover for the $77.40 spent in correcting the error in the 172 garments delivered, and for the value of the 79 garments retained by the defendants, and recovered a judgment for $313.74.  It is impossible to ascertain from the evidence how the trial court arrived at this result.  There is no dispute but that the defendants were to receive $1.12 per coat for making.  For the 172 coats made, at that rate, the defendants would be entitled to the sum of $192.64, less $100 paid, and $77.40 for repairs; leaving the defendants $15.24 on the 172 garments delivered.  The plaintiffs' counsel claims in his brief that the material and cutting of the garments was worth $4.75 each, but there is not a particle of testimony to that effect in the record.  One of the plaintiffs testified that "the cost of the material and labor in busheling is $4.50 per garment."  Whether his testimony referred to the 79 garments does not appear.  At that value the coats were worth $355.50, and, deducting the $15.24 due the defendants for the making of the 172 coats, the plaintiffs, upon their theory, should have had a judgment for $340.26.

¶ 1. See Bailment, vol. 6, Cent. Dig. § 82.

While there was sufficient testimony in the case from which the trial judge could have found that plaintiffs were entitled to the sum of $77.-40 for correcting the error of the defendants in the manufacture of the 172 garments, there was no evidence from which it could charge upon the defendants the costs of the material of the 79 garments retained by them. They were entitled to hold possession of those garments until their claim for their labor done upon them was paid, and, in the absence of proof that the plaintiffs offered to pay for such labor, their lien was not discharged. Wiles Laundry Co. v. Hahlo, 105 N. Y. 234, 11 N. E. 500, 59 Am. Rep. 496. As the trial judge undoubtedly allowed the plaintiffs to recover for the 79 garments referred to above, the judgment must be reversed.

Judgment reversed. New trial ordered, with costs to appellants to abide the event. All concur.